1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   STANLEY LEVINE, CHARLES BRISSETTE,
     and SANDRA BRISSETTE individually, and on
11   behalf of a class of similarly situated persons,              No. C 12-03959 WHA

12              Plaintiffs,

13        v.                                                       **ORDER ON**
                                                                   **SUBJECT-MATTER**
14   THE ENTRUST GROUP, INC.; ENTRUST                              **JURISDICTION**
     ADMINISTRATION, INC.; ENTRUST NEW
15   DIRECTION IRA, INC. n/k/a NEW DIRECTION
     IRA, INC.; and ENTRUST ARIZONA, LLC n/k/a
16   VANTAGE RETIREMENT PLANS, LLC,

17              Defendants.
                                                      /
18

19                                     **INTRODUCTION**

20        Plaintiffs filed a putative class action in federal court claiming subject-matter jurisdiction

21   under the Class Action Fairness Act.  After a motion to dismiss was granted, a more localized

22   class action was pleaded.  Sua sponte, the Court questioned whether the Act's local-controversy

23   exception to subject-matter jurisdiction applied.  After supplemental briefing, this order holds

24   that subject-matter jurisdiction is proper and that the local-controversy exception does not

25   destroy jurisdiction.

26                                      **STATEMENT**

27        Plaintiffs commenced this proposed class action in July 2012.  Without question,

28   subject-matter jurisdiction was proper under the Class Action Fairness Act as to the original

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    pleading.  Defendants moved to dismiss for failure to state a claim and for lack of personal

2    jurisdiction, which was granted in December (Dkt. No. 85).  Plaintiffs were permitted to file

3    an amended complaint and were directed "to plead their best case" (*id.* at 7).  They were also

4    allowed to take discovery on the personal jurisdiction issue (*id.* at 6–7).  Plaintiffs filed an

5    amended complaint in January 2013 against defendants The Entrust Group, Inc.; Entrust

6    Administration, Inc.; Entrust New Direction IRA, Inc., n/k/a New Direction IRA, Inc.; and

7    Entrust Arizona, LLC, n/k/a Vantage Retirement Plans, LLC (Dkt. No. 91).  One major

8    defendant in the original action from Ohio was dropped in the amended complaint.  Despite

9    leave to do so, plaintiffs did not take discovery on the personal jurisdiction issue.

10         In their amended and narrowed complaint, plaintiffs allege that, under direction from

11   Entrust Group, Entrust New Direction and Entrust Arizona administered plaintiffs' investment

12   accounts (Amd. Compl. ¶¶ 1–8).  Two third parties, not named in this action, allegedly defrauded

13   plaintiffs' out of their investments (*id.* ¶ 3).  Plaintiffs allege that defendants aided and abetted

14   the fraud committed by the third parties (*id.* ¶¶ 1–8).  Plaintiffs allege seven claims:  two under

15   California law, one possibly under federal law, and four without specifying the applicable law

16   (*id.* ¶¶ 122–77).  The amended complaint also changed the putative class definitions to only

17   include California residents rather than the nationwide class previously alleged (*id.* ¶¶ 111–13).

18   Defendants again moved to dismiss for failure to state a claim, for lack of personal jurisdiction,

19   and for misjoinder, as well as moving for attorney's fees (Dkt. No. 93).

20         In light of the new allegations and new line up of parties, this Court requested

21   supplemental briefing on whether subject-matter jurisdiction had been lost by virtue of the

22   narrowed pleadings (Dkt. No. 101).  Specifically, the parties were asked if the local-controversy

23   exception under 28 U.S.C. 1332(d)(4)(A) defeated subject-matter jurisdiction under the Class

24   Action Fairness Act and whether there was any other basis for subject-matter jurisdiction (Dkt.

25   No. 101-1).  In separate responses, defendants now assert that the local-controversy exception

26   does not apply and that the Court does have subject-matter jurisdiction (Dkt. Nos. 103–05).

27   Plaintiffs, who chose the federal forum by filing this action in federal court, now claim that the

28

1    local-controversy exception does apply and that this Court lacks subject-matter jurisdiction

2    (Dkt. No. 102).

3                                      **ANALYSIS**

4          1.      **JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.**

5          Under the Class Action Fairness Act, diversity jurisdiction was expanded to include a

6    class action with minimal diversity between plaintiffs and defendants where the aggregate

7    amount of plaintiffs' claims exceeds five million dollars.  28 U.S.C. 1332(d)(2).  Nonetheless,

8    under the local-controversy exception:

9                  A district court shall decline to exercise jurisdiction under [this
                   Act] . . .
10

11                 (i)  over a class action in which —

12                       (i)  greater than two-thirds of the members of all
                              proposed plaintiff classes in the aggregate are
13                            citizens of the State in which the action was
                              originally filed;

14                       (II)  at least 1 defendant is a defendant —

15                             (aa)  from whom significant relief is sought by
                                     members of the plaintiff class;
16
                               (bb)  whose alleged conduct forms a significant
17                                    basis for the claims asserted by the
                                      proposed plaintiff class; and
18
                               (cc)  who is a citizen of the State in which the
19                                    action was originally filed; and

20                       (III)  principal injuries resulting from the alleged
                                conduct or any related conduct of each
21                              defendant were incurred in the State in which
                                the action was originally filed; and
22
                   (ii)  during the 3-year period preceding the filing of that class
23                        action, no other class action has been filed asserting the same
                          or similar factual allegations against any of the defendants on
24                        behalf of the same or other persons[.]

25   28 U.S.C. 1332(d)(4)(A).

26         In light of the new allegations in plaintiffs' complaint, this order finds that this action's

27   center of gravity is in California.  Plaintiffs seek to certify a class of California plaintiffs whose

28

United States District Court

For the Northern District of California

1    injuries occurred in California, in violation of California law, that were perpetuated by a

2    significant California defendant.  This order will now analyze each requirement of the exception.

3                    **A.      Class of California Citizens.**

4          All agree that the first requirement regarding the citizenship of the putative class

5    members is satisfied (Dkt. Nos. 102-1, 103-2, 104-2, 105-3).

6                    **B.      Significant California Defendant.**

7          The next requirement is the existence of at least one defendant that is local and

8    significant.  Here, two possible defendants could satisfy the local requirement:  Entrust Group

9    and Entrust Administration.  Plaintiffs allege that each of these corporations has its principal

10   place of business in California and that Entrust Administration is also incorporated in California

11   (Amd. Compl. ¶¶ 16, 19).[1]  The other two defendants are neither incorporated in nor have their

12   principal place of business in California (*id.* ¶¶ 20, 21).

13         For a defendant to be significant within the meaning of the exception, the amended

14   complaint must have alleged that defendant's conduct forms a "significant basis" of plaintiffs'

15   claims and must seek "significant relief" from defendant.  28 U.S.C. 1332(d)(4)(A)(II)(aa)–(bb).

16   Our court of appeals has held that courts may only look to plaintiffs' complaint to determine

17   whether a defendant satisfies these requirements.  *Coleman v. Estes Express Lines, Inc.*, 631 F.3d

18   1010, 1015 (9th Cir. 2011).  According to plaintiffs' complaint, Entrust Group satisfies these

19   requirements, as now explained.

20         Entrust Group's alleged conduct forms a significant basis of plaintiffs' claims.  Plaintiffs

21   allege that "Entrust Group . . . oversaw all franchise operations including business practices and

22   record systems of the national network of local offices of" the other defendants (Amd. Compl.

23   ¶ 23).  Plaintiffs specifically allege that Entrust Group set the policy to not disclose fraud to its

24   customers (*id.* ¶ 24).  Plaintiffs also allege that to accomplish the alleged harms, Entrust Group

25   coordinated with two of the other defendants — Entrust Arizona and Entrust New Direction.

26   Specifically, plaintiffs allege that while working as a unit, Entrust Arizona and Entrust Group

27

28         [1] The usual diversity jurisdiction is absent in this action because of the existence of these California companies.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    sold one of plaintiff's assets, knew about the fraud by the third party, and made allegedly faulty

2    disclosures (*id.* ¶¶ 69–76, 81–82, 88–89).  Similarly, plaintiffs allege that Entrust Group also

3    worked with Entrust New Direction in failing to notify plaintiffs of the fraud, continuing to bill

4    plaintiffs, making allegedly faulty disclosures, and knowing about the fraud by the third party

5    (*id.* ¶¶ 96–97, 100–06, 109–10).

6         Entrust Group is the glue that holds plaintiffs' complaint together.  Entrust Group is

7    the only connection between the two putative classes allegedly harmed by Entrust Arizona

8    and Entrust New Direction.  Without Entrust Group, two of the putative classes and defendants

9    would likely suffer from misjoinder (and possibly the misjoinder is incurable).  Accordingly,

10   Entrust Group's conduct forms a significant basis for plaintiffs' claims.

11        Entrust Arizona argues that Entrust Group's actions are not significant because there is

12   no independent claim against Entrust Group (Dkt. No. 105-3–4).  This argument is unpersuasive.

13   Defendant cites no authority for this, and it is contrary to the statute, which only requires

14   defendant's conduct to form a "significant basis" of the claims.

15        Entrust Group also satisfies the "significant relief" requirement.  Our court of appeals

16   has suggested that when one defendant is liable to all members of the class and other defendants

17   are only liable to some of the class, "the great bulk of any damage award is sought from"

18   the defendant that would be liable to all members of the class.  *Coleman*, 631 F.3d at 1018.

19   Here, plaintiffs divide the putative classes according to which defendant administered the

20   putative class members' accounts (Amd. Compl. ¶¶ 111–12).  Thus, Entrust Arizona and Entrust

21   New Direction are only liable to those plaintiffs who were clients of theirs.  In contrast, plaintiffs

22   allege that Entrust Group directed the unlawful activities, and thus, Entrust Group would be

23   liable to all three putative classes.  Furthermore, because plaintiffs group all defendants together

24   in their prayer for relief, they are requesting relief from Entrust Group (*id.* 27–28).

25        This order holds that Entrust Group is a significant defendant that satisfies the

26   requirements for the local-controversy exception.  Because that exception only requires that one

27   defendant meet the requirements, it is not necessary to analyze whether Entrust Administration

28   also satisfies the requirements.  In any event, because plaintiffs allege that Entrust

Administration is a "wholly-owned subsidiary" of Entrust Group and do not allege any specific conduct by Entrust Administration, the extent that Entrust Administration is a significant defendant under the local-controversy exception depends on whether Entrust Group is a significant defendant (*id.* ¶¶ 20–22).

## C.     Local Principal Injuries.

Next, the principal injuries must also be local.  This requirement examines all of defendants' alleged conduct and related conduct.  28 U.S.C. 1332(d)(4)(A)(i)(III).  Plaintiffs define the putative class as limited to California residents with economic losses (Amd. Compl. ¶¶ 111–13).  Because the economic losses were all suffered by California residents, the injuries were all felt in California.  Thus, the injuries all incurred in California, and this requirement is satisfied.

## D.     No Other Class Actions.

The final requirement under the local-controversy exception is that "no other class action" may have been filed in the past three years on similar facts, against any of the same defendants, or on behalf of the same parties.  28 U.S.C. 1332(d)(4)(A)(ii).  This is the sticking point.

Plaintiffs originally filed almost identical putative class actions in the Central District of California.  *Charles Brissette et al. v. The Entrust Group, Inc. et al.*, No. 12-cv-3305-PA-MRW (C.D. Cal. filed Apr. 16, 2012) (Judge Percy Anderson); *Sandra Brissette et al. v. Ephren Taylor et al.*, No. 12-cv-3322-PA-MRW (C.D. Cal. filed Apr. 17, 2012) (Judge Percy Anderson). They were filed but then voluntarily dismissed without service.  During a prior hearing in this action, it is noteworthy, plaintiffs' counsel admitted to forum shopping (Dkt. No. 85-3).[2]  In those actions, plaintiffs voluntarily dismissed before serving defendants in order to try to get a different judge in this district (*ibid.*).  The prior filings were the same class action with the same attorneys, the same parties, the same allegations, and many of the same defendants.

---

[2] The Court commented, "I see that some of the same plaintiffs sued in the Central District, and then they voluntarily dismissed at just about the time — in fact, two weeks after they filed this case.  I'm not the only judge who would look at that and say this looks like judge shopping."  The Court then asked plaintiffs' counsel, "Is it because you got a judge that you didn't particularly like down there?"  Mr. L. Timothy Fisher responded, "I think that certainly was a factor in the decision that was made" (Dkt. No. 88-35–37).

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Our court of appeals has not yet analyzed this "no other class action" requirement, but

2    statutory interpretation directs the result.  Courts must "interpret statutes as a whole, giving

3    effect to each word." *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991).

4    Additionally, our court of appeals requires us to "make every effort not to interpret a provision

5    in a manner that renders other provisions of the same statute inconsistent, meaningless, or

6    superfluous." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 853 (9th Cir. 2007) (quotation

7    omitted).

8    The purpose of the local-controversy exception is to leave to state courts those

9    non-repetitive controversies that are isolated within the single state.  "Congress passed the

10   [Act] primarily to curb perceived abuses of the class action device which . . . had often been

11   used to litigate multi-state or even national class actions in state courts." *United Steel, Paper &*

12   *Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v.*

13   *Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010).  While the instant action is local in nature,

14   it is repetitive in the very abusive sense that was of concern to Congress.  That is, the same

15   lawsuit has been filed and re-filed in order to find a favorable courtroom.

16   True, service was not effectuated in the earlier cases (Dkt. No. 102-3).  Still, Congress

17   used the word "filed," as in "no other class action has been *filed.*"  28 U.S.C. 1332(d)(4)(A)(ii)

18   (emphasis added).  It did not use the word "served."  Filed without service still constitutes filed.

19   Since this requirement for the exception cannot be met, the exception does not apply,

20   and subject-matter jurisdiction is proper.

21      **2.    SUPPLEMENTAL JURISDICTION.**

22   In the event that the foregoing analysis is not eventually accepted by our court of appeals,

23   then this order further holds in the alternative that subject-matter jurisdiction is proper under the

24   rule of supplemental jurisdiction.  We must remember that the Class Action Fairness Act clearly

25   supplied subject-matter jurisdiction over the original complaint.  It was only because of rulings

26   by the Court that the complaint was amended in such a way that the local-controversy exception

27   was implicated.  In such circumstances, a district court is authorized to continue with the case

28   pursuant to supplemental jurisdiction, so long as the narrowing of the complaint was not a

7

1  voluntary act. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).  In this case,

2  the narrowing was not a voluntary act, but in response to the judge's directives, meaning

3  the latest pleading was provoked by a motion to dismiss and the resulting ruling.  Therefore,

4  subject-matter jurisdiction, having been proper over the original complaint, is available over the

5  amended pleading.

6         Given the investment of resources already made in this case by the Court, its discretion is

7  best exercised by continuing with the case.

8                                          **CONCLUSION**

9         This order finds that subject-matter jurisdiction does exist.  A separate order will address

10  the pending motion to dismiss.

11

12         **IT IS SO ORDERED.**

13

14  Dated:  March 15, 2013.

15                                          WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8