IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY LEVINE, CHARLES BRISSETTE, and SANDRA BRISSETTE, Individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>THE ENTRUST GROUP, INC., ENTRUST ADMINISTRATION, INC., ENTRUST NEW DIRECTION IRA, INC. n/k/a NEW DIRECTION IRA, INC., and ENTRUST ARIZONA, LLC n/k/a VANTAGE RETIREMENT PLANS, LLC,<br><br>Defendants. | No. C 12-03959<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS AND VACATING HEARING** |

**INTRODUCTION**

In this putative class action arising out of self-directed IRAs, the immediate question is whether to grant defendant's motion for attorney's fees and costs. This follows an order denying plaintiffs' motion for leave to file a second amended complaint and a final judgment against plaintiffs. For the reasons explained below, the motion is **DENIED**.

**STATEMENT**

The details of the present action have been laid out at length in a previous order (Dkt. No. 131 at 1–2). In brief, plaintiffs Stanley Levine, Charles Brissette, and Sandra Brissette invested in self-directed IRAs administered by defendants. Plaintiffs chose to invest in businesses that turned out to be Ponzi schemes. Plaintiffs contended that defendants, as

1 account administrators, knew about the fraudulent schemes and helped hide them from plaintiffs.
2 A previous order held, however, that plaintiffs failed to adequately plead defendants' knowledge
3 of fraud (Dkt. No. 131).

4 An April 1 order dismissed plaintiffs' first amended complaint because it lacked
5 specificity and failed to state a plausible claim of fraud under Rules 8, 9(b), and 12(b)(6).
6 Plaintiffs filed a motion for leave to file a second amended complaint which was denied as futile.
7 Final judgment was entered against plaintiffs in favor of defendants.

8 Defendant Entrust Arizona, LLC now moves for attorney's fees and costs under
9 28 U.S.C. 1927. For the reasons set forth below, defendant's motion is **DENIED**.

## ANALYSIS

Section 1927 provides, in relevant part: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, and attorney's fees reasonably incurred because of such conduct." Sanctions pursuant to Section 1927 "must be supported by a finding of subjective bad faith." *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal citations omitted). Our court of appeals explained that an attorney's bad faith is evaluated under a subjective standard, and held that an attorney's "knowing or reckless conduct meets [that] standard." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (internal citations omitted). More specifically, "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

While plaintiffs' claims were unconvincing, there is a difference between unsuccessful arguments and sanctionable conduct under Section 1927. Defendant must demonstrate either that plaintiffs' counsel knew their claims were frivolous or that they recklessly raised frivolous arguments. Defendant fails to do so.

*First*, defendant states that "[a]fter Plaintiffs' First Amended Complaint was dismissed, Plaintiffs' counsel still refused to let go of their flawed theory of the case, and filed their Motion

2

for Leave to File Second Amended Complaint" (Dkt. No. 134 at 3). This is hardly evidence of bad faith. The previous order *invited* plaintiffs to file a second amended complaint (Dkt. No. 113). That plaintiffs were unable to cure the deficiencies of the first amended complaint does not mean that their claims were brought in bad faith or that the claims were entirely frivolous.

*Second*, defendant claims that plaintiffs' conduct is sanctionable because of plaintiff Levine's express agreement to hold Entrust Arizona "harmless from liability associated with the investment" (*ibid*.). The express agreement does not make plaintiffs' claims frivolous. The gravamen of plaintiffs' argument was that defendants knew that the fraudsters were stealing their money and that defendants had an established duty to keep plaintiffs from investing in the fraudsters. Plaintiffs' failure to adequately plead their complaint was based upon plaintiffs' inability to establish that defendants had such a duty or that defendants had knowledge of the fraud. The express agreement had little role in the June 11 order's consideration of plaintiffs' complaint and it certainly does not demonstrate bad faith on behalf of plaintiffs or that their complaint was entirely frivolous.

## CONCLUSION

For the foregoing reasons, defendant's motion is **DENIED**. The hearing set for **SEPTEMBER 5, 2013**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3