**United States District Court**

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   STANLEY LEVINE, CHARLES BRISSETTE,
     and SANDRA BRISSETTE, Individually, and on
11   behalf of a class of similarly situated persons,          No. C 12-03959

12          Plaintiffs,

13      v.                                                      **ORDER DENYING
                                                                MOTION FOR
14   THE ENTRUST GROUP, INC., ENTRUST                           ATTORNEY'S FEES
     ADMINISTRATION, INC., ENTRUST NEW                          AND COSTS AND
15   DIRECTION IRA, INC. n/k/a NEW DIRECTION                    VACATING HEARING**
     IRA, INC., and ENTRUST ARIZONA, LLC
16   n/k/a VANTAGE RETIREMENT PLANS, LLC,

17          Defendants.
                                                        /
18

19                              **INTRODUCTION**

20          In this putative class action arising out of self-directed IRAs, the immediate question is

21   whether to grant defendant's motion for attorney's fees and costs. This follows an order denying

22   plaintiffs' motion for leave to file a second amended complaint and a final judgment against

23   plaintiffs. For the reasons explained below, the motion is **DENIED**.

24                               **STATEMENT**

25          The details of the present action have been laid out at length in a previous order (Dkt.

26   No. 131 at 1–2). In brief, plaintiffs Stanley Levine, Charles Brissette, and Sandra Brissette

27   invested in self-directed IRAs administered by defendants. Plaintiffs chose to invest in

28   businesses that turned out to be Ponzi schemes. Plaintiffs contended that defendants, as

United States District Court

For the Northern District of California

1   account administrators, knew about the fraudulent schemes and helped hide them from plaintiffs.

2   A previous order held, however, that plaintiffs failed to adequately plead defendants' knowledge

3   of fraud (Dkt. No. 131).

4           An April 1 order dismissed plaintiffs' first amended complaint because it lacked

5   specificity and failed to state a plausible claim of fraud under Rules 8, 9(b), and 12(b)(6).

6   Plaintiffs filed a motion for leave to file a second amended complaint which was denied as futile.

7   Final judgment was entered against plaintiffs in favor of defendants.

8           Defendant Entrust Arizona, LLC now moves for attorney's fees and costs under

9   28 U.S.C. 1927.  For the reasons set forth below, defendant's motion is **DENIED**.

10                                        **ANALYSIS**

11          Section 1927 provides, in relevant part:  "Any attorney . . . who so multiplies the

12  proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

13  personally the excess costs, and attorney's fees reasonably incurred because of such conduct."

14  Sanctions pursuant to Section 1927 "must be supported by a finding of subjective bad faith."

15  *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal citations omitted).

16  Our court of appeals explained that an attorney's bad faith is evaluated under a subjective

17  standard, and held that an attorney's "knowing or reckless conduct meets [that] standard."

18  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)

19  (internal citations omitted).  More specifically, "[b]ad faith is present when an attorney

20  knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the

21  purpose of harassing an opponent."  *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858,

22  860 (9th Cir. 1986).

23          While plaintiffs' claims were unconvincing, there is a difference between unsuccessful

24  arguments and sanctionable conduct under Section 1927.  Defendant must demonstrate either

25  that plaintiffs' counsel knew their claims were frivolous or that they recklessly raised frivolous

26  arguments.  Defendant fails to do so.

27          *First*, defendant states that "[a]fter Plaintiffs' First Amended Complaint was dismissed,

28  Plaintiffs' counsel still refused to let go of their flawed theory of the case, and filed their Motion

1    for Leave to File Second Amended Complaint" (Dkt. No. 134 at 3). This is hardly evidence

2    of bad faith. The previous order *invited* plaintiffs to file a second amended complaint (Dkt.

3    No. 113). That plaintiffs were unable to cure the deficiencies of the first amended complaint

4    does not mean that their claims were brought in bad faith or that the claims were entirely

5    frivolous.

6         *Second*, defendant claims that plaintiffs' conduct is sanctionable because of plaintiff

7    Levine's express agreement to hold Entrust Arizona "harmless from liability associated with

8    the investment" (*ibid.*). The express agreement does not make plaintiffs' claims frivolous.

9    The gravamen of plaintiffs' argument was that defendants knew that the fraudsters were stealing

10   their money and that defendants had an established duty to keep plaintiffs from investing in the

11   fraudsters. Plaintiffs' failure to adequately plead their complaint was based upon plaintiffs'

12   inability to establish that defendants had such a duty or that defendants had knowledge of the

13   fraud. The express agreement had little role in the June 11 order's consideration of plaintiffs'

14   complaint and it certainly does not demonstrate bad faith on behalf of plaintiffs or that their

15   complaint was entirely frivolous.

16                                  **CONCLUSION**

17        For the foregoing reasons, defendant's motion is **DENIED**. The hearing set for

18   **SEPTEMBER 5, 2013**, is **VACATED**.

19

20        **IT IS SO ORDERED.**

21

22   Dated:   July 31, 2013.

23                                          WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE

24

25

26

27

28

*United States District Court*
For the Northern District of California

3